CASE 52—PETITION EQUITY—SEPTEMBER 16.

# Ricketts' ex'r vs. Lambert.

APPEAL FROM HENDERSON CIRCUIT COURT.

1.  "This indenture witnesseth, that Joel Lambert and Polly Lambert, his wife, of the city and county of Henderson, and State of Kentucky, *for and in consideration* of three hundred and fifty dollars, bearing interest from the 15th day of September, 1855, and for and in consideration of four hundred and fifty dollars, bearing interest from the 10th day of November, 1855, hath bargained and sold," &c., &c. *Held*—That this language imports that the two sums named, with the accruing interest on each from the periods named, were paid at the making of the deed on the 7th of January, 1861.

2.  The requirements of the statute, in order that a vendor may retain a lien on the real estate, are simple, easy to be complied with, and impose no burdens on him; and if they are disregarded, or the language of the deed is ambiguous or not explicit, it is better that he who, by mere negligence and indifference, fails to do what his own interest should prompt him to do, should suffer, than an innocent purchaser, whom the statute was intended to protect.

H. F. TURNER,                                   For Appellant,

CITED—

*Revised Statutes, sec.* 26, 2 *Stanton*, 230.
18 *B. Mon.*, 650–3; *Chapman vs. Stockwell.*

S. B. VANCE,                                    For Appellee.

JUDGE PETERS DELIVERED THE OPINION OF THE COURT:

If a lien is retained by the vendor on the lots for the unpaid price in the deed, it is done by the following language, for it contains nothing more in reference to the purchase money, viz: "This indenture witnesseth, that Joel Lambert and Polly Lambert, his wife, of the

Ricketts' ex'r vs. Lambert.

city and county of Henderson, and State of Kentucky, *for and in consideration* of three hundred and fifty dollars, bearing interest from the 15th day of September, 1855, and for and in consideration of four hundred and fifty dollars, bearing interest from the 10th day of November, 1855, hath bargained and sold," &c., &c.

This language imports that the two sums named, with the accruing interest on each, from the periods named, were paid at the making of the deed, which was on the 7th of January, 1861.

If the recitals had been that for and in consideration of the sums of three hundred and fifty dollars and of four hundred and fifty dollars, the grantors had bargained and sold the lots described to Christopher, certainly a reader of it could not have believed that said sums were unpaid; but must have concluded, as the words import, that, in consideration of said sums *paid*, the conveyances were made. And the addition of the words "*bearing interest*," &c., must be understood to have been inserted to designate the true sums paid, which would furnish certain data to ascertain the amount, as certain as if the exact sums had been stated, and do not necessarily import that the recited consideration was unpaid. The words, when considered in connection with the date of the deed, do not, according to their common and accepted understanding, mean that the consideration was not paid. If so, when were the sums named due or to become due? The named dates from which they bore interest cannot be regarded as evidence of when they would be due; for notes are often given which bear interest from a period much earlier than that at which they may mature.

If a vendor intends to retain a lien on land conveyed by him for unpaid purchase money, he should, at least,

state in the deed the amount unpaid, and when due, if he fails to state in direct and explicit language, in addition thereto, that "*a lien is retained*."

The requirements of the statute, in order that a vendor may retain a lien on the real estate, are simple, easy to be complied with, and impose no burdens on him; and if they are disregarded, or the language of the deed is ambiguous or not explicit, it is better that he, who, by mere negligence and indifference, fails to do what his own interest should prompt him to do, should suffer, than an innocent purchaser, whom the statute was intended to protect.

Wherefore, the judgment is reversed, and the cause remanded, with directions to dismiss the petition as to Ricketts' executor.